The Honorable William J. Velek Assistant City Attorney Office of the City Attorney P.O. Box 5757 North Little Rock, AR 72119
Dear Mr. Velek:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified as A.C.A. § 25-19-101 et seq. Your question focuses upon records that are maintained by the North Little Rock Police Department (Department) as part of the personnel file of a former Department employee, Mr. Charlie M. Scott.
You note that Mr. Scott was recently terminated by the Department, on the basis of his job performance records, and that these records also contain information pertaining to other employees who have not been suspended or terminated. You have asked whether the Department may, consistent with the FOIA, remove this information regarding third parties from Mr. Scott's records prior to releasing the records to Mr. Scott or his attorney.[1]
We should note, as an initial matter, that there may be fact questions as to whether the particular information in question concerns Mr. Scott. The North Little Rock Municipal Court Order (see n. 1, supra) suggests that information concerning the defendant (Mr. Scott) is to be released to him. A clarifying order in this regard may be indicated.
It is my understanding that the information in question appears in Mr. Scott's job performance records as a result of transcripts of interviews that were conducted by the Department. Mr. Scott and other employees were apparently interviewed in connection with a criminal investigation and/or an internal affairs investigation. In either event, however, it is my opinion that information concerning other employees that appears in Mr. Scott's job performance records merely as part of a larger interview transcript, may be removed prior to release of the records to Mr. Scott. Mr. Scott's right of access to his personnel or evaluation records is clear. A.C.A. §25-19-105(c)(2) (Advance Code Service 1990-91). This right would not appear, however, to encompass information concerning other employees that, although placed in Mr. Scott's personnel file, is not actually part of his evaluation or job performance records. You have noted that the other employees about whom the information pertains have not been suspended or terminated. Thus, even if it could be contended that the material is part of job performance records maintained on these employees, the FOIA would not afford access to Mr. Scott or his attorney.
The information in this instance may also be exempt from disclosure under the FOIA exception for "undisclosed investigations by law enforcement agencies of suspected criminal activity." A.C.A. § 25-19-105(c)(6) (Advance Code Service 1990-91). A conclusive determination would require an examination of the particular records and all of the surrounding facts. For purposes of your inquiry, however, the mere fact that information appears in Mr. Scott's job performance records is not, in my opinion, dispositive. The location of documents is not necessarily a determinative factor for purposes of the FOIA. A court's review of the specific facts may compel a different result, but based upon the facts as I understand them in this instance, it is my opinion that information concerning other employees would in all likelihood be deemed to constitute either job performance records of other employees or material that is part of an undisclosed criminal investigation. It may be concluded that such information is exempt from disclosure at this time under the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB/EAW/dwv
[1] An order was entered on April 8, 1991, by the North Little Rock Municipal Court in the case of State of Arkansas v. CharlieM. Scott, CR91-1980, directing that
 [t]he release of material from the files maintained by the North Little Rock Police Department concerning the Defendant shall only be to the Defendant, his attorney, or the Prosecuting Attorney for the Sixth Judicial District. . . .